IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Zachary Riley and Lindsay Riley, individually        :
and on behalf of A.R. and S.R., their               :
minor children,                                     :        CASE NO.
                                                    :
Plaintiffs,                                         :
                                                    :        JURY TRIAL DEMANDED
The Palisades School District,                      :
39 Thomas Free Drive, Kintersville, PA 18930,       :
Bridget O'Connell, in her individual capacity       :
and in her official capacity as Superintendent      :
of the Palisades School District.                   :
                                                    :
Defendants                                          :

## COMPLAINT

### INTRODUCTION

1. Plaintiffs, Zachary Riley and Lindsay Riley, by their attorney, Frederick M. Stanczak, bring this action to vindicate their due process right under state law. They seek a formal hearing before the Defendant School Board, as required before their children can be involuntarily disenrolled for allegedly failing to meet the residency requirement for enrollment in the Palisades School District.  Plaintiffs further seek compensatory and punitive damages for the violation of their clearly established constitutional rights.

2. This action is brought under the Civil Rights Act, 42 U.S.C. § 1983. Plaintiffs seek to enforce their due process right to a hearing before the school board, as required by Pennsylvania law at 24 P.S. § 13-1302 and its regulation at 22 Pa. Code, § 11.11. Plaintiffs request declaratory and injunctive relief, monetary damages, and both preliminary and permanent injunctions. They seek to require Defendant School District and its Board to provide them with required due process

1

protections, including a face-to-face hearing, before disenrollment of their children from the District.

**PARTIES**

3. Plaintiff Zachary Riley, father of A.R. and S.R., resides at 1075 Nemeth Rd., Coopersburg, PA 18036, within the boundaries of the Palisades School District.  Plaintiff Zachary Riley's residence is within Palisades School District boundaries.

4. Lindsay Riley is the mother of A.R. and S.R., and resides at 1560 Raubsville Road, Easton, Pennsylvania, 18042.   Plaintiff Lindsay Riley's residence is within the boundaries of the Wilson Area School District.

5. A.R. and S.R. are minor children eligible for a free public education from their district of residence. A.R. is a senior expected to graduate from PSD after completion of a summer course. S.R. is a 10th grade student at Palisades High School as of the 2026-2027 school year.

6. Defendant Palisades School District (PSD) is a public school district with offices at 39 Thomas Free Drive, Kintersville, Pa., 18930, established under the Pennsylvania School Code, 24 P.S. §§ 201 *et seq*., and is governed by Pennsylvania law and regulations.

7. Bridget O'Connell, PSD Superintendent, is responsible for implementing applicable law and school district policy, including 24 P.S. § 13-1302 and 22 Pa. Code § 11.1, addressing the determination of residency within a school district, as well as School Board policies addressing residency requirements and grievance procedures.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1342, as the action arises under 42 U.S.C. §§ 1983 and 1988 and the Fourteenth Amendment to the United States Constitution.

9.  Venue is proper under 28 U.S.C. § 1391(b) as the Defendant's alleged actions occurred in the Eastern District of Pennsylvania, where all parties reside or conduct business.

**FACTUAL ALLEGATIONS**

10. Plaintiffs Zachary Riley and Lindsay Riley are the divorced parents of A.R. and S.R., who are school-age children eligible to receive a free public education under Pennsylvania law.

11. The parents, Zachary Riley and Lindsay Riley, are divorced and maintain separate residences. Zachary resides in the Palisades School District, and Lindsay resides in the Wilson School District.

12. On July 19, 2014, Zachary Riley and Lindsay Riley entered into a consent agreement that included an agreement addressing child custody.  This Agreement, approved by Bucks County Family Court on October 22, 2014, remains in effect to the present day. Attachment A.

13. The consent decree provides joint custody, sets the children's schedule at each parent's home, and specifies both parents' choice for their children to attend Palisades School District. Attachment A, pp. 10-11.

14. Since the consent agreement was established, both children have attended Palisades School District. The agreement provides that the children will stay with the mother and father's houses on specified nights of the week.  The Parents have, throughout the term of the agreement, made adjustments to the schedule to address the needs of  the parents and the children.

15. On March 16, 2026, Bridget O'Connell, the Superintendent of the PSD, sent a letter to each parent advising the parents of her determination that their children do not meet the residency requirement specified in state law and in PSD policy 200. The letter instructed the parents to disenroll both children from the PSD and to enroll them in the Wilson Area School District, where Plaintiff Lindsay Riley resides.  Attachment B

16. Defendant O'Connell's determination is legally and factually incorrect. The Superintendent focused on the children's presumed residence, not the father. Her conclusion relied on a two-week, sporadic observation of one vehicle's location, rather than any direct observation of the children in either household. The Superintendent incorrectly based her decision on the children's "residence," whereas Pennsylvania law states the decisive factor is the parent's residence. Pennsylvania law provides that when parents live in different school districts, the child may attend school in the district where they live most of the time, unless a court order or custody agreement states otherwise. For joint custody, if time is equally divided, parents may choose which school district the children will attend. 22 Pa. Code § 11.11(a).

17. The March 16, 2026, letter from Superintendent O'Connell further instructed the parents to notify her by March 30, 2026, if they wished to request a hearing before the School Board to challenge her determination.

18. After receiving the March 16, 2026, letter, the Parents retained the undersigned to challenge the Superintendent's decision. Per the retainer agreement, Parents' counsel sent a letter to Defendant O'Connell on March 23, 2026. The letter identified counsel, explained the Parents' disagreement, and stated the understanding that the Superintendent would refer the matter to PSD's counsel. The letter also requested a formal hearing before the School Board, should the Superintendent maintain her position. Attachment C.

19. PSD counsel conveyed to Parents' counsel that the Board would decide on disenrollment, but claimed that PSD has no obligation to provide a hearing as required by Act 67, (amending 24 P.S. § 13-1302(a)), and asserted that the grievance procedure that is included in PSD's policy satisfied the hearing mandate of Act 67.

20. In email communications to PSD counsel dated April 6 and 27, 2026, Parent's counsel stated that the Parents disagree with PSD's position and maintain their right to a formal hearing before the school board, as required by 24 PS. § 13-1302(a) and 22 Pa. Code § 11.11(a) prior to any disenrollment of A.H or S.H. based upon their alleged non-residency in the District.  The emails further noted that any attempted involuntary disenrollment by PSD would be considered a violation of Plaintiffs' state-created due process rights. Attachment D.

21. On May 18, 2026, the Superintendent sent a letter to the Parents in which Defendant O'Connell conveyed the School Board's decision related to the children's residency. The letter repeated the earlier conclusions from March 16, 2026 (Attachment B), and notified the Parents that the School Board found the children did not meet residency requirements.  The letter further stated that both children could finish the 2025-2026 school year, and that A.R. could graduate from PSD since the 2025-2026 year was his senior year but that S.R. would be required to disenroll from the PSD and to enroll in the Wilson Area School district, where their mother resides. The letter also stated PSD would not seek tuition from the parents, as Zachary Riley resides in the PSD and pays school taxes there.  Attachment E.

22. The letter did not address Plaintiffs' position on the hearing requirement of 24 P.S. § 13-1302(a) and 22 Pa. Code § 11.11(a) or the factual issues previously raised.

23. The PSD has published its official policies in its manual, which is available to parents and the general public through its website.  District Policy 906, which was adopted by the District's Board of Directors, is the District's grievance procedure. PSD Policy No. 906 describes a grievance procedure to address "complaints, concerns and suggestions" raised by interested parties and states that the Board has discretion to grant a hearing. The policy does not

5

specifically address whether parents are entitled to a hearing to contest residency determinations under § 13-1302 or the Pa. Department of Education regulation at 22 Pa. Code § 11-11(a).

24. District Policy No. 906 was adopted by the Defendant PSD's Board in 2013, which predates the July, 2024 passage of Act 67.

25. Upon information and belief, the District interprets its Policy 906 to provide it with the discretion to grant or deny a formal hearing to the parents of children, such as the Plaintiffs, who are subject to a determination by the District to disenroll their children based on a determination of non-residency.

26. The District applied its Policy No. 906, to support its determination that the Parents are not entitled to a hearing before the school board before their children can be disenrolled for alleged non-residency, in clear violation of the requirement of Act 67 and 22 Pa. Code § 11.11(a).

27. The District's determination, which is based on its finding regarding the children's residency, as expressed in its May 18, 2026, letter-determination, violates settled Pennsylvania law interpreting the residency requirement for divorced or separated parents.  The Pennsylvania courts have ruled that 24 P.S. § 13-1302(a) and its implementing regulation at 22 Pa. Code § 11-1(a)(1) define residency within a school district as the parent's residency, not the child(ren). *H.R. v. Shaler Area School District*, 2022 Pa. Commw. Unpub. LEXIS 7 *; 272 A.3d 991 (Pa Commw Ct 2022), *citing, Watts v. Manheim Township School District*, 632 Pa. 583, 121 A.3d 964, (Pa. 2015).

28. The factual basis for the District's residency determination is also facially insufficient to support the conclusion that the parent is not a resident of the District in that it relies on a "surveillance" of the residences of both parents that consists of twelve observations of the location of an automobile presumed to be "the student's vehicle", between February 2 and March 3, 2026.

There is no evidence establishing the actual location of either of the children reflected in the Superintendent's determination.

29. The Pennsylvania courts have rejected such evidence as insufficient to prove non-residency, citing the short term of the "surveillance" and the failure to establish that neither parent maintains a residence within the school district seeking to disenroll a child based on its residency determination. *H.R. v. Shaler Area School District*, 2022 Pa. Commw. Unpub. LEXIS 7 *; 21 - 22, 272 A.3d 991(Pa. Commw. 2022), *G.W. v. Avonworth Sch. Dist.*, 297 A3d 28. (Pa. Commw. 2023).

30. Pennsylvania statutory and regulatory law clearly mandates that school districts, such as PSD, may not disenroll any student for an alleged failure to meet residency criteria until the parents have been afforded a hearing.

31. Specifically, Act 67 (amending 24 P.S. § 13-1302) states:

   (a) If it is found that the parents, guardians, or any other person having charge or care of a child described in subsection (a) do not reside in the school district and a determination is made that the child is not otherwise entitled to free school privileges, the child <u>may not be disenrolled from the school until</u>:

      (1) The<u> parents, guardians, or any other person having charge or care of the child are provided an opportunity to appeal the decision through a hearing</u> held pursuant to an appropriate grievance policy of the school district, and any appeal has been exhausted;

32. By refusing to grant the Plaintiffs' request for a hearing to contest its flawed determination, Defendants PSD and O'Connell have knowingly violated the Plaintiffs' established due process right to a hearing as described herein. Specifically, the actions of Defendant O'Connell, in

denying the Plaintiff parents an opportunity for a hearing, deprived the Plaintiffs of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property, and failed to provide the Plaintiffs with due process of law.

**CAUSES OF ACTION**

**Count I:  Deprivation of Procedural Due Process – Palisades School District**

33. All allegations in this Complaint are incorporated herein as if fully re-alleged.

34. This action is brought under 42 U.S.C. § 1983 to vindicate the Plaintiffs' right to due process created by Pennsylvania law at 24 P.S. § 13-1302, which is protected under the Due Process Clause of the United States Constitution.

35. Defendant School District is a state actor as defined in 42 U.S.C. § 1983.

36. All acts taken by Defendant School District were taken under color of law as defined by 42 U.S.C. § 1983, were under the pretense and color of law in their official capacity, and under the pretense of the statutes, ordinances, policies, practices, customs, regulations, and/or usages of Defendant School District and/or the Commonwealth of Pennsylvania.

37. Defendant PSD is subject to the laws of Pennsylvania, in particular the Pennsylvania School Code and the regulations of the Pennsylvania Department of Education, which clearly mandate that public school districts, such as PSD, may not disenroll any student for an alleged failure to meet residency criteria until the parents have been afforded a hearing.

38. The legal mandate to provide the Plaintiffs with a due process hearing prior to taking any action to disenroll A.R. and S.R. from the PSD was clearly established at all times relevant to this action.

39. By purporting to disenroll Plaintiffs S.R. and A.R. without affording the Plaintiffs, including the parents, a hearing as required by the aforesaid state law, Defendant PSD has violated and

8

continues to violate the Plaintiffs' right to procedural due process, which is protected by the 14th Amendment to the United States Constitution.

**Count II – Deprivation of a State-Created Property Interest without Due Process of Law – Palisades School District**

40. All allegations in this Complaint are incorporated herein as if fully re-alleged.

41. Pennsylvania law creates a right to a public education for all school-aged students.  The state-created right to a public education is a property interest protected by the 14th Amendment to the United States Constitution. A state may not deprive students or their parents of the right to a free public education without adhering to fundamentally fair procedures.  *Goss v. Lopez*, 419 U.S. 565 (1975).

42. At all times relevant hereto, Plaintiffs S.R. and A.R. possessed a property interest in the right to receive a free public education, and Plaintiffs Lindsay Riley and Zachary Riley possessed a derivative property interest in their children's right to a free public education in the PSD, which right is secured under the 4th and 14th Amendments to the Constitution of the United States, and by 42 U.S.C. §1983.

43. By purporting to disenroll Plaintiff S.R. without affording S.R. and her parents a hearing as required by the aforesaid state law, Defendant PSD has violated and continues to violate the Plaintiffs' right to substantive due process, which is protected by the 14th Amendment to the United States Constitution.

**Count III** – **Deprivation of Procedural Due Process – Bridget O'Connell**

44. All allegations in this Complaint are incorporated herein as if fully re-alleged.

45. Defendant O'Connell is a state actor as defined by 42 U.S.C. § 1983, and all actions relevant to this matter taken by Defendant O'Connell were under the pretense and color of law in her official capacity, and under the pretense of the statutes, ordinances, policies, practices, customs,

regulations, and/or usages of Defendant School District and/or the Commonwealth of Pennsylvania.

46. By purporting to disenroll Plaintiff S.R. without affording S.R. and her parents a hearing as required by the aforesaid state law, Defendant O'Connell has violated and continues to violate the Plaintiffs' right to procedural due process, which is protected by the 14th Amendment to the United States Constitution.

47. **Count IV** – **Deprivation of Substantive Due Process – Bridget O'Connell**

48. Defendant O'Connell is a state actor as defined by 42 U.S.C. § 1983, and all actions relevant to this matter taken by Defendant O'Connell were under the pretense and color of law in her official capacity, and under the pretense of the statutes, ordinances, policies, practices, customs, regulations, and/or usages of Defendant School District and/or the Commonwealth of Pennsylvania.

49. All acts taken by Defendant O'Connell, as described in this Complaint, were taken under color of law, as defined by 42 U.S.C. § 1983, in her official capacity as Superintendent of the Palisades School District, and under the pretense of the statutes, ordinances, policies, practices, customs, regulations and/or usages of Defendant School District and/or the Commonwealth of Pennsylvania.

50. By purporting to disenroll Plaintiff S.R. without affording S.R. and her parents a hearing as required by the aforesaid state law, Defendant O'Connell has violated and continues to violate the Plaintiffs' state-created property right to substantive due process, which is protected by the 14th Amendment to the United States Constitution.

51. By email communication from Plaintiffs' counsel to counsel for the District. dated April 6 and 17, 2026, the District, including Defendant O'Connell, were specifically informed of the

Plaintiff's right to a hearing related to the District's residency determinations and further that the refusal to provide such a hearing prior to taking any action to disenroll Plaintiffs D.R. or A.R. would constitute a violation of the Plaintiff's civil rights.

52. The right to a hearing to contest a residency determination has, at all times relevant to this action, been clearly established by Act 67, 24 P.S. § 13- 1302, and by Pennsylvania case-law interpreting and applying the due process requirement.

53. PSD was fully aware of the parents' right to a hearing before the Board to contest the residency determination, but knowingly refused to provide the Plaintiffs with the required hearing.

54. The Defendant School District's actions in purporting to disenroll A.R. and S.R. in this matter were taken with reckless and callous indifference to the Plaintiff's federally protected rights.

55. As a result of the knowing and intentional violation of the Plaintiffs' due process rights. The Plaintiffs have incurred damages in the form of emotional and mental distress, interruption of the education of Plaintiffs RS.R. and A.R.

**RELIEF**

56. Plaintiffs seek the following relief:

57. A preliminary and permanent injunction precluding the Defendant Palisades School District and Bridget O'Connell from taking any action to disenroll Plaintiffs A.R. and S,R. from the Palisades School District without complying with the hearing requirement of 24 P.S. § 1302(a) and 22 Pa. Code § 11.11(a).

58. Compensatory damages to the Plaintiffs for the injury in fact that they incurred as a result of the actions of the Defendants as stated in this Complaint.

59. Punitive damages against the PSD in its capacity as a municipal entity and against Defendant O'Connell in her individual capacity as a state actor, for the reckless and callous indifference to the Plaintiffs' federally protected rights.

60. Attorney's fees and costs incurred by the Plaintiffs related to this action.

61. Such other and further relief that the Court deems fair and reasonable.

**WHEREFORE**, Plaintiff demands judgment against Defendant Palisades School District in a sum in excess of the jurisdictional threshold in compensatory damages, delay damages, and for all other damages as may be permitted pursuant to applicable law, together with interest, costs, and attorney's fees pursuant to 42 U.S.C. § 1988(b).

Plaintiff demands a trial by jury of all claims in this action that are so triable.

Respectfully submitted,

/s/ Frederick M. Stanczak_____
Frederick M. Stanczak
Attorney At Law
59 Creek Drive
Doylestown, PA  18901
215 340 5000
PA Bar No. 27773

Date: June 18, 2026